# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAMAR COLEMAN,

        Petitioner,

v.                                            Case Number: 2:07-CV-11148

DAVID BERGH,

        Respondent.
        _____/

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS**
**TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

    Petitioner Lamar Coleman, a state inmate currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court finds that this is a successive habeas corpus petition and as such it must be transferred to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

    In the pending petition, Petitioner challenges his convictions for armed robbery and felony firearm entered in Oakland County Circuit Court. On October 20, 1988, Petitioner was sentenced as a third habitual offender to twelve to forty years

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

imprisonment for the armed robbery conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

In 1992, Petitioner filed a habeas corpus petition in this court challenging these 1988 convictions. That petition was denied on the merits. *Coleman v. Hawley*, No. 92-CV-75140-DT (E.D. Mich. 1993) (Gadola, J.). In 1995, Petitioner filed a second petition for a writ of habeas corpus in this court challenging the same convictions, which was dismissed as an abuse of the writ. *Coleman v. State of Michigan and Wayne Stine*, No. 95-CV-70924-DT (E.D. Mich. 1996) (Hood, J.). Petitioner filed a third habeas corpus petition in 2004. Again, he challenged the 1988 convictions. The court transferred the petition to the United States Court of Appeals for the Sixth Circuit because it was a successive petition. *Coleman v. Lafler*, No. 2:04-CV-71864 (E.D. Mich. 2005) (Edmunds, J.).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has filed three prior habeas petitions challenging the same convictions raised in the pending petition. Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for appropriate review.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: March 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-11148.COLEMAN.TransferSuccessive.mbc.wpd